UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RUFUS BRINKLEY,<br><br>    Petitioner,<br><br>  v.<br><br>ANA RAMIREZ-PALMER, Warden,<br><br>    Respondent. | No. C 02-3988 JW (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

### INTRODUCTION

Petitioner Rufus Brinkley, a California state prisoner who is proceeding pro se, filed a petition in this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state prison sentence. The Court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer. Petitioner has not filed a traverse even though he had adequate time to do so. Having reviewed the briefs and the underlying record, the Court concludes that petitioner is not entitled to relief based on the claims presented and will deny the petition.

### BACKGROUND

Petitioner challenges a state judgment committing him to six years in prison subsequent to the revocation of probation. In 1999, petitioner pleaded no contest in the

Order Denying Petition for Writ of Habeas Corpus
G:\PRO-SE\SJ.JW\HC.02\Brinkley3988.hcruling.md.wpd

Alameda County Superior Court to a charge of possession of cocaine base for the purposes of sale (Cal. Pen. Code § 11351.5). Ans, Ex. 8 (Opinion of the California Court of Appeal[1]) ("Op.") at 1. He also admitted the allegations that he had committed two prior felonies for which he had served separate prison terms (Cal. Pen. Code § 667.5(b)) and that he was ineligible for probation under Heath and Safety Code section 11370. Id. Sentence was imposed on January 21, 2000. In exchange for pleading no contest, the trial court, over the objections of the prosecutor, agreed to place petitioner on probation. Id. The trial court sentenced petitioner to state prison for six years, five years on the possession offense and one year of the enhancements under section 667.5(b). Id. at 2. The trial court suspended execution of the sentence and placed petitioner on five years of probation, which came with two conditions. Id. First, he had to complete a "quality" residential drug-treatment program. Id. Second, if he violated the terms of his probation, petitioner would have to serve the full six-year term and would waive his "back time" credits under California Penal Code sections 2900.5 and 4019.[2] Id.

When the trial court released petitioner from custody, it ordered him to enter the "C.U.R.A." residential rehabilitation program, which petitioner was not to leave without the permission of the trial court, the program director and his probation officer. Id. Petitioner left the C.U.R.A. program without permission, an act which, on May 25, 2000, led to the revocation of his probation. Id. After a contested revocation hearing, petitioner was found to be in violation of his probation and, therefore, his six-year sentence was to be executed. Id. The state court, consistent with the terms of probation, did not grant petitioner credits for the period before May 25, 2000, but did grant credits for time served from May 25, 2000 to the date of the revocation hearing. Id.

Petitioner appealed. The California Court of Appeal for the First Appellate

---

1. People v. Brinkley is an unpublished opinion. The state appellate court number is A092192. The Alameda Superior Court number is 135894.

2. These penal code sections relate to sentence credits for time in custody, work time and good behavior.

Order Denying Petition for Writ of Habeas Corpus
G:\PRO-SE\SJ.JW\HC.02\Brinkley3988.hcruling.md.wpd          2

1  District, in an unpublished opinion, affirmed the judgment, finding that "[petitioner] never
2  objected to the waiver of custody credits as a condition of probation." Id. at 1, 4.  The
3  California Supreme Court denied his petition for review.  Pet. at 3; Ans., P. & A. at 2.
4  Petitioner filed state habeas petitions, all later denied, in the California superior, appellate,
5  and supreme courts.  Pet., Ex. A at 1, Ex. B at 1-2.

6  Petitioner filed the instant federal habeas petition in 2002.  Respondent filed an
7  answer.  In 2006, the Court dismissed the action for failure to prosecute and entered
8  judgment for respondent.  After communication was received from petitioner, the Court
9  reopened the case and vacated the judgment in 2007.

10  As grounds for federal habeas relief, petitioner alleges that his sentence was
11  imposed in violation of the negotiated plea agreement, raising Eighth Amendment and
12  Fourteenth Amendment due process claims.  Order to Show Cause at 2.

## STANDARD OF REVIEW

14  A federal court may entertain a petition for writ of habeas corpus "in behalf of a
15  person in custody pursuant to the judgment of a State court only on the ground that he is
16  in custody in violation of the Constitution or laws or treaties of the United States."  28
17  U.S.C. § 2254(a).

18  A district court may not grant a petition challenging a state conviction or sentence
19  on the basis of a claim that was reviewed on the merits in state court unless the state
20  court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or
21  involved an unreasonable application of, clearly established federal law, as determined by
22  the Supreme Court of the United States; or (2) resulted in a decision that was based on an
23  unreasonable determination of the facts in light of the evidence presented in the State
24  court proceeding."  28 U.S.C. § 2254(d).  Section 2254(d) applies to a habeas petition
25  from a state prisoner challenging the denial of parole.  See Sass v. California Board of
26  Prison Terms, 461 F.3d 1123, 1126-27 (9th Cir. 2006).

27  A state court decision is "contrary to" Supreme Court authority, that is, falls under
28  the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to

United States District Court
For the Northern District of California

that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams (Terry) v. Taylor, 529 U.S. 362, 412-13 (2000). A state court decision is an "unreasonable application" of Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." See Williams (Terry), 529 U.S. at 413.

A reviewing federal court may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. Id. at 409.

The state court decision to which 2254(d) applies is the "last reasoned decision" of the state court. See Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991); Barker v. Fleming, 423 F.3d 1085, 1091-92 (9th Cir. 2005). When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion, in this case the opinion of the California Court of Appeal for the First Appellate District. See Nunnemaker at 801-06; Shackleford v. Hubbard, 234 F.3d 1072, 1079, n.2 (9th Cir. 2000).

## DISCUSSION

Petitioner contends that his sentence was imposed in violation of the negotiated plea agreement, raising Eighth Amendment and Fourteenth Amendment due process claims. More specifically, he asserts that he did not knowingly and intelligently agree to waive his credits under Penal Code sections 2900.5 and 4019. Pet., Ex. A at 2, 3, 8. He contends that the plea agreement, which states that petitioner agreed to waive his credits, is invalid and that any punishment in excess of a term that uses his credits should be shorn from his sentence. Id.

Due process requires that a guilty plea be both knowing and voluntary because it constitutes the waiver of three constitutional rights: the right to a jury trial, the right to

confront one's accusers, and the privilege against self-incrimination.[3]  See Boykin v. Alabama, 395 U.S. 238, 242-43 (1969).  A plea is not voluntary unless it is "entered by one fully aware of the direct consequences" of the plea.  Brady v. United States, 397 U.S. 742, 755 ( 1970).  A criminal defendant's failure to object at sentencing suggests that the plea was knowing and voluntary.  United States v. Mims, 928 F.2d 310, 312 (9th Cir. 1991).  "We attach substantial weight to contemporaneous on-the-record statements in assessing the voluntariness of pleas."  Id. at 313 (citation removed).  State court factual determinations are presumed correct and petitioner must rebut that presumption with clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

Petitioner's claim is without merit.  The state court record flatly and repeatedly contradicts petitioner's assertion that he did not agree to waive his credits.  Ans., Ex. 4 (Transcript of Hearing After Revocation of Probation, 8/8/00) at 74; Ans., Ex. 1 (Transcript of Change of Plea Hearing, 8/30/99) at 118; Ans., Ex. 1 (Transcript of Hearing Regarding Conditions of Probation, 1/21/00) at 149.  For example, at his change of plea hearing, the trial court stated to petitioner, "You note that the agreement [Waiver on Plea of Guilty] in this case, as I told you, places you on five years probation with a six-year EOSS sentence.  That means if you mess this probation up, you have to serve all six years.  It also means you waive your back time credits under 2900.5 and 4019. . . . Do you understand?"  Id., Ex. 1 at 118-119.  To this question, which was part of a lengthy statement by the trial court, petitioner responded, "Yes."  Id. at 119.  The record is bare of evidence – and petitioner points to none – that petitioner's plea was not knowing and voluntary.  Petitioner never asserts that he received ineffective assistance of counsel regarding his plea or that he was mentally incompetent or intoxicated when he entered his plea.  Rather, he simply asserts that he never agreed to waive his "back time" credits.  Such an assertion is unsupported by any evidence and therefore petitioner has not

---

3. In California, the legal effect of a plea of nolo contendere is considered the same as that of a plea of guilty for all purposes.  Cal. Pen. Code § 1016.

Order Denying Petition for Writ of Habeas Corpus
G:\PRO-SE\SJ.JW\HC.02\Brinkley3988.hcruling.md.wpd                 5

1  overcome the factual determinations made by the state superior and appellate courts.

2  Furthermore, to the extent that petitioner contends that his "Yes" was a response to
3  the last question asked in that lengthy statement by the trial court, rather than to the
4  solitary question regarding the waiver of credits, the Court must deny the claim. There is
5  no indication in the record – and petitioner points to none – that petitioner's "Yes" was
6  anything other than assent to the entire list of questions and statements the trial court put
7  forth. Petitioner has not overcome by clear and convincing evidence the presumption of
8  factual correctness with which this Court must regard the state courts' determinations.

## CONCLUSION

Applying the highly deferential standard imposed by AEDPA, this Court concludes that the state court's determination was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent, nor was it based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1), (2). Accordingly, the Court concludes that petitioner has failed to show any violation of his federal constitutional rights in the underlying state court proceedings and parole hearing. The petition for writ of habeas corpus is DENIED. The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: May 15, 2008

JAMES WARE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RUFUS BRINKLEY,

        Petitioner,

  v.

ANA RAMIREZ-PALMER,

        Respondent.
                                             /

Case Number: CV02-03988 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   5/22/2008  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rufus D. Brinkley
ALW 802
5325 Broder Blvd.
Dublin, Ca 94568

Dated:   5/22/2008

                    Richard W. Wieking, Clerk
/s/  By: Elizabeth Garcia, Deputy Clerk